IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTEN DIVISION

| | |
|---|---|
| Zhihua Wu,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>       Defendants. | Case No. 25-cv-00353<br><br>**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**<br><br>**COMPLAINT**<br><br>Complaint Filed: January 13, 2025 |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2**

Plaintiff Zhihua Wu ("Plaintiff") hereby brings the present action against the Corporations, Partnerships and Unincorporated Associations identified on **Schedule A** attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores[1] operating listed on e-commerce platforms under the seller aliases identified in Schedule A attached hereto (the "Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores on e-commerce platforms, such as Amazon, Temo, and Walmart. Defendants target the said consumers using one or more Seller Aliases, offer shipping to the said consumers located in the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products featuring Plaintiff's Patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

4. Plaintiff files this action against the Defendants listed in Schedule A for the alleged infringement upon Plaintiff's registered patent (hereinafter, "Patent"). Defendants in this action set up e-commerce stores on e-commerce platforms, such as Amazon.com and operate such stores using one or more of their Aliases. Defendants are engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement upon Plaintiff's ███ ███████████████████████, and negatively impact Plaintiff's goodwill and business reputation.

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

### III. THE PARTIES

5. ███████████████████████████████████████

6. Defendants are individuals and business entities that own and operate one or more of the e-commerce stores with or under the Aliases identified on **Schedule A**.

7. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

### IV. GENERAL FACTS

8. Plaintiff is a businessperson who runs an e-commerce business. Over time, Plaintiff has become a well-known vendor for specific products using the designs on various e-commerce platforms.

9. ███████████████████████████████████████

10. ███████████████████████████████████████████ ███████████████████

11. A true and correct copy of ████████████ attached hereto as **Exhibit 1**.

12. Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized Plaintiff's federally registered Patent work (the "Infringing Products") through

at least the fully interactive e-commerce stores operating under the seller aliases identified in **Schedule A**. These stores are compiled in **Schedule A** as the intended Defendants.

13. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold infringing Products to residents of Illinois.

14. Defendants operating under the Seller Aliases are sophisticated sellers. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars via credit cards, Alipay, Amazon Pay, Zelle, Venmo, and/or PayPal. Defendants' stores look like Plaintiff's store. Defendants' e-commerce websites include similar elements and keywords like Plaintiff's store. Defendants sell Infringing Products that have similar designs to Plaintiff's Patent. To the consumers at large, it would be impossible to differentiate the said Infringing Products from Plaintiff's products from Infringing Products. It would also be impossible for the consumers to realize that the Defendants did not have the authorization to market, offer to sell, or sell the products with the ▓▓▓▓▓▓ .

15. Third-party platforms like Amazon.com do not require the sellers to verify their identities beyond their provision of the Aliases. This lack of requirement for identity verification creates loopholes for Defendants to utilize. On information and belief, many of the Defendants would register multiple Aliases through the platforms and market and sell products via the multiple accounts registered with the Aliases. This tactic allows Defendant to hide their true identities and scope of their business. In addition, this tactic allows Defendants to avoid lawsuits and legal liabilities. For example, when a claimant (similar to the Plaintiff here) discovered a tort or

infringement committed by a particular Aliases, the claimant may try to allege the claims against the individual/entities behind the Aliases. Then, the individual/entity may well close the Alias, and quickly moves to the next Alias and account, and avoid the liabilities associated with the previous Alias. For the claimant (and the true holders of the rights), it will be a forever-lasting "Wack-A-Mole" game for patent owners and creates no deterrence for infringing the patent.

16. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

17. Substantial evidentiary overlap is required to find a similar transaction or occurrence to find the joinder proper. *See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at 6 (N.D. Ill. Apr. 29, 2024). Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them[2]. These identifiers include the use of similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and similar product descriptions, prices, and images. The chart below shows some representatives of the Defendants. Apart from the same product

---

[2] The unique identifiers are not just common elements visible in ordinary online stores. The Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

images, they also share similar and even identical descriptions. The evidence suggests that the Defendants are not independent of each other.

18. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

19. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

20. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take down notices. On information and belief, Defendants maintain offshore bank accounts and regularly move funds

from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

22. On information and belief, Plaintiff has reasonably believe that the majority of Defendants source their products from a common origin.

23. Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent. Each e-commerce store operating under the Alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet.

24. Defendants' infringement of Plaintiff's ▮▮▮▮ in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is and has been willful and irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF THE ▮▮▮ PATENT

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Plaintiff is the owner and exclusive licensee of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the ▮▮▮▮▮.

27. Defendants have infringed Plaintiff's ▅▅▅▅ by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

28. Defendants have profited by their infringement of the ▅▅▅▅, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

29. Defendants have infringed the ▅▅▅▅ and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

30. Defendants' conduct constitutes a separate and distinct act of infringement.

31. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

32. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product;

(b) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; and

(c) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the infringing product;

(3) That Plaintiff be awarded such damages proven at trial against Defendants that are adequate to compensate Plaintiffs for Defendants' infringement of the ████████, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284.

(4) That the amount of damages awarded to Plaintiffs to compensate Plaintiffs for infringement of the ████████ be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated this 13th day of January, 2025.

                                                        Respectfully submitted
                                                        By: /s/ *Huicheng Zhou*
                                                        One Park Plaza, #600
                                                        Irvine, CA 92614
                                                        Huicheng.zhou@aliothlaw.com
                                                        *Attorney for Plaintiff*